LULA M. SMITH v. STANDARD LIFE & ACCIDENT INSURANCE
COMPANY.[1]

June 25, 1900.

Nos. 12,035—(160).

Accident Insurance—Testimony of Attending Physician—Impeachment.

> *Held*, in view of the testimony of an attending physician at the trial of
> an action brought to recover upon an accident insurance policy, to the
> effect that the death of the insured was the result of an injury, that the
> court erred when it excluded from the consideration of the jury a certifi-
> cate of the cause of death, signed by said physician, which, to some ex-
> tent, contradicted said verbal testimony, a proper foundation for the in-
> troduction of the certificate in evidence having been laid.

Appeal by defendant from an order of the district court for
Hennepin county, Simpson, J., denying a motion for judgment not-
withstanding the verdict or for a new trial, after a verdict in favor
of plaintiff for $1,049.20.   Reversed.

*Noyes & Prendergast*, for appellant.

*George R. Robinson*, for respondent.

COLLINS, J.

This action was brought by the widow of Frank W. Smith to
recover upon an accident policy issued by the defendant company
to said Smith, containing a provision that, if death should result
to him within ninety days after receiving bodily injuries, caused
solely by external, violent, and accidental means, said injuries be-
ing the proximate and sole cause of such death, the company would
pay to the plaintiff the sum of $1,000.   The issue at the trial was
whether Mr. Smith died as the result of an accident or on account
of disease, and this issue was determined by the jury in favor of
the plaintiff.

The only assignment of error we need to consider is that wherein
it is urged that the court erred in excluding what is known as
"Defendant's Exhibit I," and this is predicated upon the fact that

[1] Reported in 83 N. W. 342.

the court had permitted one of the plaintiff's witnesses,—Dr. Newhall,—who had attended Mr. Smith soon after the alleged injury, to answer the following question:

"Now, from that, and your examination of the patient, made at that time, and the symptoms as detailed to you, I will ask you whether, in your opinion, as his attending physician, he had received an injury." The answer was: "The indications all pointed that way; that there had been some cause for it,"—that is, for the patient's condition.

This witness answered other questions which bore upon the claim made by the plaintiff that her husband's death was the result of an injury received just before he was called to attend him. In cross-examination, and evidently for the purpose of impeachment, defendant's counsel produced the exhibit in question, and, after identifying the doctor's signature as one of the three attached thereto, offered it in evidence. This was objected to as incompetent, and not cross-examination, and the exception was sustained by the court, thus excluding the exhibit, which was in the following language:

· "Minneapolis, Minn., Nov. 3rd, 1898.
"We, the undersigned surgeons, who held a post-mortem examination on the body of Frank W. Smith, 3232 Seventeenth avenue South, married, age 36, who died at about 5 a. m., November 1st, 1898, at the Northwestern Hospital, found that death was not the result of any injury, but the direct cause of his death was peritonitis, caused indirectly by appendicitis of long standing.
                                        J. D. Anderson, M. D.
                                        J. E. Dewar, M. D.
                                        W. M. Newhall, M. D.
"I was present at the above autopsy, and can certify both to the facts and the deductions in the above statement.
                                        Henry Cotton, M. D.
"Witness: R. M. Neely."

We are of the opinion that the court erred when it refused to allow this exhibit in evidence, for it certainly tended to contradict the testimony of Dr. Newhall to the effect that the indications were that Mr. Smith had received an injury. It tended to show a different statement at another time. His answer that the indications all pointed that way, and that there had been some cause for

Mr. Smith's condition, would lead the jury to believe that he had been injured, in the doctor's opinion.   If so, the exhibit, which was made after a post-mortem examination, would tend to affect his opinion and testimony, because, to some extent, it was a contradiction.   We cannot agree with counsel for respondent that the exhibit in no sense qualified or contradicted the oral testimony of the physician already given.   A new trial must be had because of this erroneous ruling.

    Order reversed.